DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

COLLIN BROWN, *pro se*,

               Petitioner,

-against-

STATE OF FLORIDA, Attorney General;
UNITED STATES PROBATION
DEPARTMENT, Eastern District of New
York; ANGEL KRISTIE BARRO D.H.S.,
B.I.C.E.,

               Respondents.
------------------------------------------------------------X

MEMORANDUM
AND ORDER
09-CV-1150 (KAM)

Petitioner, who upon completion of his sentence imposed by the Honorable Edward R. Korman in 2004 under criminal docket number 02 CR 1095 (ERK) became subject to deportation, brings this petition for a writ of error *coram nobis* for an order pursuant to the All Writs Act, 28 U.S.C. § 1651. The instant petition seeks to "collaterally appeal" a prior state court conviction in Florida used to enhance his federal sentence "because of the lingering adverse collateral consequences he is experiencing." Petition at 4. For the reasons set forth below, the petition is dismissed.

BACKGROUND

Petitioner pled guilty to two counts of possession of marijuana and, on December 3, 2004, was sentenced by Judge Korman to 78 months imprisonment and five years of supervised release. United States v. Brown, 02 CR 1095 (ERK); Appendix 1, Judgment. The sentence was enhanced by petitioner's prior criminal history, specifically, a 1991 Florida conviction for

1

possessing and trafficking cocaine. The Judgment states that as a condition of his supervised release, petitioner shall not "re-enter the United States after deportation/exclusion). Id. Petitioner was released from the custody of the Bureau of Prisons on May 1, 2008. He is now in custody at an immigration facility in Haskell, Texas. Petitioner has not provided information regarding the status of his deportation proceedings.

Petitioner has challenged the Florida state criminal conviction that was used to enhance his federal sentence through filings in Florida state courts as well as in this District. In Florida, petitioner's appeal of his 1991 conviction was denied. He was released from the custody of the Florida Department of Corrections in 1999. Petition at 8. On May 14, 2007, petitioner filed a writ of error *coram nobis* which was denied by a Florida state court on February 6, 2008. Petition at 10; Appendix 4. This decision was affirmed by a Florida appellate court on June 17, 2008 and petitioner's subsequent motion for rehearing and appeal to the Florida Supreme Court were likewise denied in 2008. Petition at 11.

On January 26, 2009, petitioner filed a petition pursuant to 28 U.S.C. § 2254 in this District. By an order dated February 9, 2009, the court determined that the proper jurisdictional basis was 28 U.S.C. § 2255 and afforded petitioner thirty days to withdraw the petition. The order did not address whether the petition was time-barred or whether petitioner was in custody for purposes of § 2255. However, the order further noted that the United States Supreme Court has held that "a defendant may not collaterally attack his prior conviction through a motion under § 2255, unless he claims that conviction was obtained in violation of the right to counsel and he raised that claim at his federal sentencing proceeding." *See* Feb. 9, 2009 Order (Docket Entry No. 2) at 1 n.2. Petitioner's February 23, 2009 motion to withdraw the § 2254 petition was

granted and the case was closed by an order entered on March 5, 2009.

The instant petition seeking a writ of error *coram nobis* followed on March 16, 2009, collaterally challenging the 1991 Florida conviction. Petitioner has named the State of Florida, the United States Probation Department for this district, and an employee of the Department of Homeland Security as respondents.

DISCUSSION

For the reasons set forth below, *coram nobis* relief is not available to petitioner.

A. *Coram Nobis* Generally

A district court's authority to issue a writ of error *coram nobis* arises under the All Writs Act, 28 U.S.C. § 1651. See Fleming v. United States, 146 F.3d 88, 89 (2d Cir. 1998) (*per curiam*). Viewed as "a remedy of last resort," a writ of error *coram nobis* is available only in those cases in which "errors . . . of the most fundamental character . . . rendered the proceeding itself irregular and invalid." United States v. Mayer, 235 U.S. 55, 69 (1914). "*Coram nobis* is not a substitute for appeal," Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996), and is an "extraordinary remedy" that is only granted "under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954). To obtain *coram nobis* relief, a petitioner must demonstrate that: 1) "there are circumstances compelling such action to achieve justice," 2) "sound reasons exist [ ] for failure to seek appropriate earlier relief," and 3) "the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ" Foont, 93 F.3d at 79.

B. No Jurisdiction to Grant *Coram Nobis*

Petitioner brings this action to challenge the 1991 Florida conviction which was used to

3

enhance his federal sentence. The entire petition and its attachments challenge that conviction. The Second Circuit has held that a federal district court "lacks jurisdiction to grant such a writ with respect to a judgment of a state court." Finkelstein v. Spitzer, 455 F.3d 131, 133 (2d Cir. 2006). In so holding, the Second Circuit joined the five other circuits that have addressed the issue, all of which have ruled that district courts lack jurisdiction to issue writs of error *coram nobis* to set aside judgments of state courts. See Davis v. Roberts, 425 F.3d 830, 836 (10th Cir. 2005); Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003); Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir.), cert. denied, 506 U.S. 834 (1992); Sinclair v. Louisiana, 679 F.2d 513, 514 (5th Cir. 1982); Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964); Davis v. Roberts, 425 F.3d 830, 836 (10th Cir. 2005). These courts have recognized that such applications are only properly filed in state court, before the court that commits the purported error. In the instant action, a state court in Florida committed the alleged error and, thus, this Court lacks jurisdiction to provide *coram nobis* relief. Accordingly, the petition is dismissed. See Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

C. Challenge To Deportation

Construing the petition more broadly, the court recognizes that petitioner may have come to this court in an effort to affect more than his state court conviction. See Petition at 14 ("This prior conviction is affecting Petitioner [*sic*] eligibility for immigration relief because of the length of sentence that was imposed, in this present conviction which was enhanced to more than five years, and has made this present conviction considered a serious crime for immigration purposes and restricts relief, specifically asylum."). If the gist of the instant petition is a

4

challenge to his removal, petitioner should pursue relevant remedies in the proper venue. If petitioner is subject to a final order of removal, the "sole and exclusive" method to obtain judicial review of a final order of removal is to petition the appropriate circuit court of appeals for review. *See* 8 U.S.C. § 1252(a)(5) (the "REAL ID Act "). If, however, petitioner is not yet subject to a final order of removal, the federal courts in Texas retain jurisdiction over his challenge to his custody by immigration authorities. Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (citing H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005) and collecting cases)); accord Mitchell v. New York, 03 Civ. 3303 (KMW), 2007 WL 3355550, at *4 (S.D.N.Y. Sept. 12, 2007). The court notes that on March 25, 2009, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Northern District of Texas. Brown v. Holder et al., 09-CV-0049 (M.D.Tex.).

## CONCLUSION

Accordingly, the petition for a writ of error *coram nobis* is dismissed for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
Kiyo A. Matstumoto
United States District Judge

Dated: Brooklyn, New York
June 24, 2009

5